UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MAGOMED EDILOV, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 1:08-CV-285 RM |
| | ) |
| JUDGE CHARLES PRATT, JUDGE | ) |
| KENNETH SCHEIBENBERGER, | ) |
| PHILIP R. TERRILL, FAZIA DEEN, | ) |
| ALYSSA PATTERSON, NIKOS NAKOS, | ) |
| T. EDWARD PAGE, ALLEN COUNTY | ) |
| BAR ASSOCIATION, IN. JUDICIAL | ) |
| NOMINATING COMM'N, DISCIPLINARY | ) |
| COMM'N OF THE SUPREME COURT | ) |
| JEFFREY J. LEFFERS, and | ) |
| STEVEN HOWELL, | ) |
| | ) |
| Defendants | ) |

## OPINION AND ORDER

Magomed Edilov, a *pro se* plaintiff, filed this civil rights lawsuit under 42 U.S.C. § 1983 in November, 2008. In late 2004 a state court accepted Mr. Edilov's plea of guilty to charges of invasion of privacy and criminal confinement against his wife. In early 2005, a state court issued a divorce judgment for Mr. Edilov's wife, granting her custody of their children.

Mr. Edilov seeks to have his criminal record cleared, and seeks money damages from everyone involved in these state court proceedings, and from those who didn't help him as he would have liked since those judgments. The defendants include two Indiana state court judges, two Indiana judicial

commissions, a director of court operations in a state courthouse, a court translator, four attorneys, a private county bar association, and a congressperson's deputy district director. All but one defendant filed motions to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted. The defendants raised many meritorious defenses in their motions to dismiss, including Indiana's two year statute of limitations, judicial immunity, sovereign immunity, and actions by nonstate actors.

Regardless of the merits of these motions, the court first must inquire into its own subject matter jurisdiction, Craig v. Ontario Corp., 542 F.3d 872, 875 (7th Cir. 2008), and must dismiss the action if the court has no subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). For the reasons stated below, the court does not have jurisdiction over Mr. Edilov's claims, so his case must be dismissed.

I. BACKGROUND

While reviewing Mr. Edilov's complaint for subject matter jurisdiction, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in Mr. Edilov's favor. Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999). The court looks beyond the four corners of Mr. Edilov's complaint to letters and documents Mr. Edilov filed with the court. *See* Remer v. Burlington Area Sch. Dist., 205 F.3d 990, 997 (7th Cir. 2000). Complaints filed without an attorney's assistance must be liberally construed and held to less stringent

standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Edilov's claims stem largely from two separate matters before the Allen Superior Court: (1) his criminal domestic disturbance proceedings and (2) his dissolution of marriage and child custody proceedings. Mr. Edilov came before Judge Charles Pratt on December 13, 2004 for a hearing on his wife's dissolution of marriage and child custody petition. Judge Pratt delayed the hearing until January 11, 2005. Meanwhile, on December 16, 2004, Mr. Edilov appeared before Judge Kenneth Scheibenberger on charges of felony invasion of privacy and misdemeanor criminal confinement resulting from a dispute he had with his wife. Mr. Edilov didn't want to plead guilty, but, he says, Judge Scheibenberger, public defender Philip Terrill, and court translator Alyssa Patterson all pressured him into doing so. Mr. Edilov didn't serve jail time for his criminal conviction, and doesn't appear to have sought any state court remedies for his conviction.

At the criminal hearing, Mr. Edilov told the judge the charges were false, but the judge told him to listen to his public defender, Mr. Terrill. Mr. Edilov brought three witnesses with him, but Mr. Terrill went into another room with Judge Scheibenberger and the judge later returned and said the witnesses weren't needed. Mr. Edilov states that Mr. Terrill altered relevant documents. Mr. Edilov claims that Ms. Patterson blackmailed him into not appealing his case and told other, unnamed people not to help him. Mr. Edilov called the FBI after leaving court, but Ms. Patterson refused to go with him and translate for him.

Mr. Edilov then appeared before Judge Pratt in January, 2005 for his dissolution of marriage hearing. He told Judge Pratt that his criminal case was "not right" but that he didn't know the whereabouts of the documents he gave to Judge Scheibenberger. Following the hearing, Mr. Edilov was divorced and lost custody of his children. This deeply upset Mr. Edilov, and he has written to this court several times to state that his divorce is illegal under Russian law.

Mr. Edilov thinks Judge Scheibenberger altered the court's transcript for his criminal proceedings and complains that he has asked for transcripts from Judge Pratt but the court has stated they have no record that he was ever in their court. Mr. Edilov has asked Judge Scheibenberger's court for audio tapes of his proceedings so he can prove the transcripts were altered, but no tapes can be found.

Fazia Deen is a private attorney who helped Mr. Edilov's wife obtain the dissolution of marriage. Ms. Deen also helped Mr. Edilov's wife get a protection order against Mr. Edilov by claiming that she saw him threaten his family with a fishing knife. Mr. Edilov says he never had a fishing knife with him at the time and that Ms. Deen lied and started all his troubles with the courts.

Mr. Edilov sought the help of private attorney Nikos Nakos, paying him a $2,500 retainer fee. A few weeks later, Mr. Nakos returned $1,150 and kept the rest of the money. Mr. Edilov requested a fee arbitration before the Allen County Bar Association, saying that Mr. Nakos did no work on his case. The Bar Association determined that the fees Mr. Nakos kept were reasonable. Mr. Edilov

asked the Bar Association to analyze his court transcripts, but they refused. Mr. Edilov filed a discrimination complaint against the Allen County Bar Association with the City of Ft. Wayne Metro Human Relations Commission. There is no indication that Mr. Edilov ever brought complaints against Ms. Deen or Mr. Nakos before the Indiana Supreme Court's disciplinary commission.

At some point, Mr. Edilov sought the help of Steven Howell, the District Deputy Officer of the Third Congressional District of Indiana, and told him what happened with Mr. Nakos. Mr. Edilov says they met about a dozen times, partly to discuss Mr. Edilov's immigration troubles. Mr. Edilov made many allegations about persons involved in his divorce and criminal matters. Mr. Howell told him that any lawyer should be able to reopen or appeal his case, and advised Mr. Edilov to find a new lawyer. Mr. Edilov also showed Mr. Howell documents that he believed showed that everyone involved had violated his rights, but Mr. Howell simply registered the papers without doing anything more.

Mr. Edilov then paid Mr. T. Edward Page a $5,000 retainer. Mr. Page refunded the money after nine months of doing no work for Mr. Edilov. Like Mr. Nakos, Mr. Page also failed to reopen or appeal the case.

Mr. Edilov eventually complained to the Indiana Judicial Nominating Commission (which he also calls the Judicial Qualifications Commission). Mr. Edilov complains that the Commission ruled the state court judges were correct in their actions. Mr. Edilov also complained about Mr. Page and Mr. Terrill to the of the Indiana Supreme Court's Disciplinary Commission, but the Commission

ruled that they had not done anything wrong, even though they knew (Mr. Edilov claims) that the attorneys had violated his rights.

In April, 2008, Allen Superior Court Director of Court Operations Jeffrey Leffers was involved in issuing a protection order against Mr. Edilov. Mr. Edilov went to the Allen County courthouse to ask Judge Scheibenberger why the judge didn't give him a copy of the audio tape of his court date because he needed it to give to the Geneva human rights office (his efforts to get help from the ACLU, Amnesty International, and Human Rights Watch had failed). Mr. Edilov saw Mr. Nakos in the court building, and a shouting match ensued. An unknown person took Mr. Edilov to meet with Mr. Leffers, who told Mr. Edilov he would fix everything. Two hours later, the sheriff came to Mr. Edilov's house and told him that a protection order had been issued against Mr. Edilov, giving him a court date for a hearing. The protection order prohibited Mr. Edilov from contacting employees at the Allen County Bar Association.

Mr. Edilov seeks monetary damages from the defendants and asks this court to expunge his criminal record.

The court assumes that the defendants view things differently than Mr. Edilov does, and that they probably disagree with many of these facts. At this stage, though, the court decides not what happened, but rather whether the law gives the court the power to resolve claims based on these facts.

II. DISCUSSION

The court does not have jurisdiction to hear Mr. Edilov's claim because Mr. Edilov doesn't allege violations of rights guaranteed by the laws or Constitution of the United States. Additionally, to the extent Mr. Edilov seeks to set aside the state court judgments, his case is barred by the *Rooker-Feldman* doctrine.

## A. FAILURE TO STATE A FEDERAL CLAIM

Filing a claim under the auspices of § 1983 doesn't automatically confer subject matter jurisdiction upon this court. *See* City of Kenosha, Wis. v. Bruno, 412 U.S. 507, 512 (1973) (finding that action brought under § 1983 didn't properly invoke federal court's subject matter jurisdiction because a municipality is not a "person" within the meaning of § 1983). Federal courts have limited jurisdiction — limited power to hear and decide cases. A plaintiff must invoke the court's subject matter jurisdiction by setting forth a colorable claim that his rights under the laws or Constitution of the United States have been violated. A colorable claim would provide some indication of which federal rights are alleged to have been violated. If the plaintiff's allegations indicate violations of rights that arise only under state law, the plaintiff will not have invoked this court's jurisdiction. *See* Kay v. Bd. of Educ. of City of Chicago, 547 F.3d 736, 739 (7th Cir. 2008) (finding federal court lacked jurisdiction to consider § 1983 claim where state contract law controlled); Wilson v. Civil Town of Clayton, Ind., 839 F.2d 375, 384 (7th Cir. 1988) (same).

Mr. Edilov doesn't indicate in any way the federal grounds upon which he seeks relief. His complaint is filed on a § 1983 complaint form, but is little more than an expression of discontent with state court proceedings and all persons involved in those proceedings. Mr. Edilov doesn't allege in any of his numerous writings to the court that he pursued appellate remedies in state court for his criminal conviction, for his dissolution of marriage judgment, or for the determinations of various bodies about the actions of the attorneys in this case. Mr. Edilov's claims all sound in tort: attorney malpractice, negligence, and malicious actions of various sorts by various parties. Wrongs might or might not have been committed, but all Mr. Edilov has indicated is that he is unhappy with his own guilty plea, the illegality of his wife's divorce from him under his home country's law, and the failure of various attorneys and other persons to sympathize with him and help him in the way he would like. These dissatisfactions don't present any claim arising under federal law, so the court has no power to hear the claim and must dismiss it.

### B. *ROOKER-FELDMAN* PROHIBITION

It appears that what Mr. Edilov really wants is for this court to set aside two state court judgments with which he is unhappy. Mr. Edilov's complaint explicitly asks this court to "fix" his criminal record, and in his numerous writings to the court he indicates he would like this court to nullify his divorce decree. To the

8

extent this is really what Mr. Edilov seeks, the *Rooker-Feldman* doctrine bars his suit.

"Under the *Rooker-Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments." Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 2000) (*citing* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923)). This doctrine precludes federal jurisdiction over claims arising from alleged injuries caused by a state court judgment, no matter how erroneous or unconstitutional the state court judgment may be, and the Supreme Court of the United States is the only federal court that has jurisdiction to review a state court judgment. Long v. Shorebank Dev. Corp., 182 F.3d at 554; *see also* Homola v. McNamara, 59 F.3d 647, 651 (7th Cir. 1995) (noting that a § 1983 civil rights suit cannot be used to collaterally attack a state court judgment).

The doctrine isn't limited to those claims alleging that the state court judgment itself caused the plaintiff's injury; the doctrine also precludes federal jurisdiction over claims "inextricably intertwined" with a state court determination, Long v. Shorebank Dev. Corp., 182 F.3d at 554 (*citing* District of Columbia Court of Appeals v. Feldman, 460 U.S. at 483-84 n. 16), and does so even when these claims were never argued in state court. Remer v. Burlington Area Sch. Dist., 205 F.3d 990, 996 (7th Cir. 2000). "The pivotal inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in

fact, presenting an independent claim." Long v. Shorebank Dev. Corp., 182 F.3d at 555; *see also* Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (clarifying that *Rooker-Feldman* applies to an invitation for a federal district court to review and reject state court judgments).

Even though some of the defendants weren't directly involved in the state court proceedings, the action against them is inextricably intertwined with the state proceedings. Mr. Edilov's claim is essentially a claim for state tort damages and attorney malpractice. *Cf.* Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 509 (7th Cir. 1996) (affirming dismissal under *Rooker-Feldman* where § 1983 action was a dressed up claim for RICO damages and attorney malpractice). Under the facts as Mr. Edilov presents them, to find these defendants in the wrong would require finding that the state court proceedings were wrong, which a lower federal court cannot do. There is a fine line between "inextricably intertwined" claims and independent claims, but since Mr. Edilov explicitly requests on the face of his complaint that he wants his criminal records cleared, and indicates in his letters to the court that he wants his divorce judgment set aside, Mr. Edilov seeks what *Rooker-Feldman* prohibits.

## C. Conclusion

For the reasons stated, this case is DISMISSED in its entirety, without prejudice, for lack of subject matter jurisdiction.

SO ORDERED.

ENTERED: September 15, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: M. Edilov
   Counsel of Record